Case 1:12-cr-00346-JLK Document 170-1 Filed 02/24/17 USDC Colorado Page 1 of 6
Case 1:12-cr-00346-JLK Document 41 Filed 06/18/13 Page 1 of 4
Appellate Case: 14-1218   Document: 01019281538   Date Filed: 07/18/2014   Page: 63

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 12-CR-00346-JLK

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

1. **JOHN DOE,**
    a/k/a Habteab Berhe Temanu,
    a/k/a Habteab B Temanu
    a/k/a "TUFA",
    a/k/a Kefelegn Alemu,
    a/k/a Kefelegn Alemu Worku,

    Defendant.

---

**SUPERSEDING INDICTMENT**
**Unlawful Procurement of Citizenship or Naturalization**
(18 U.S.C. §1425 (a) and (b))
**Aggravated Identity Theft**
(18 U.S.C. § 1028 A (a) (1))
**Fraud and Misuse of Visas, Permits and Other Documents**
(18 U.S.C. §1546 (a))

---

The Grand Jury charges that:

**COUNT 1**
**(18 U.S.C. §1425(a) and (b))**
*Unlawful Procurement of Citizenship or Naturalization*

Between on or about November 22, 2009, and on or about March 2, 2010, in the State and District of Colorado and elsewhere, **JOHN DOE, a/k/a Habteab Berhe Temanu, a/k/a Habteab B Temanu, a/k/a "TUFA," a/k/a Kefelegn Alemu, a/k/a Kefelegn Alemu Worku,** Defendant herein, did knowingly, without being entitled thereto, and contrary to law, procure, obtain, and apply for the naturalization of any

1

**EXHIBIT 1**

Case 1:12-cr-00346-JLK Document 170-1 Filed 02/24/17 USDC Colorado Page 2 of 6
Case 1:12-cr-00346-JLK Document 41 Filed 06/18/13 Page 2 of 4
Appellate Case: 14-1218    Document: 01019281538    Date Filed: 07/18/2014    Page: 64

person, and any certificate of naturalization, and any documentary and other evidence of naturalization and of citizenship, and attempted to do so. Specifically, the Defendant knowingly made false statements in connection with his N-400 Application for Naturalization which was submitted on or about November 22, 2009, and which statements the Defendant re-affirmed under penalty of perjury on or about March 2, 2010 including, but not limited to, the following:

   **a.** In his Application for Naturalization (N-400), at Part 1A, under the heading "Your current legal name," Part 11, under the heading "Your Signature," Part 13, under the heading "Signature at Interview," and Part 14, under the heading "Oath of Allegiance," the Defendant knowingly and falsely identified himself to be Habteab Berhe Temanu.

   **b.** At Part 9 of his N-400, under the heading "Information About Your Children," the Defendant knowingly and falsely represented that he was the father of the following five children:

   (1) Samuel Habteab Berhe

   (2) Yishak Habteab Berhe

   (3) Amanuel Habteab Berhe

   (4) Meraf Habteab Berhe

   (5) Tinsae Habteab Berhe

   **c.** At Part 10 of his Application for Naturalization, under the heading "Additional Questions," the Defendant responded "No" to each of the following questions, knowing that each response was false:

   **(1) Question 11:** "Have you **ever** persecuted (*either directly or indirectly*)

2

Case 1:12-cr-00346-JLK Document 170-1 Filed 02/24/17 USDC Colorado Page 3 of 6
Case 1:12-cr-00346-JLK Document 41 Filed 06/18/13 Page 3 of 4
Appellate Case: 14-1218    Document: 01019281538    Date Filed: 07/18/2014    Page: 65

any person because of race, religion, national origin, membership in a particular social group, or political opinion?"

**(2) Question 15:** "Have you **ever** committed a crime or offense for which you were **not** arrested?

**(3) Question 23:** "Have you **ever** given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?"

**(4) Question 24:** "Have you **ever** lied to any U.S. Government official to gain entry or admission into the United States?"

All in violation of Title 18, United States Code, Section 1425 (a) and (b).

## COUNT 2
### (18 U.S.C. §1028A (a) (1))
### *Aggravated Identity Theft*

Between on or about November 22, 2009, and on or about March 2, 2010, in the State and District of Colorado and elsewhere, **JOHN DOE, a/k/a/ Habteab Berhe Temanu, a/k/a Habteab B Temanu, a/k/a "TUFA", a/k/a/ Kefelegn Alemu, a/k/a Kefelegn Alemu Worku,** Defendant herein, during and in relation to a felony violation of Title18, U.S.C. § 1425 (a) and (b), did knowingly possess and use, without lawful authority, a means of identification of another person, Habteab Berhe Temanu, and knowing that other person to be a real person.

All in violation of Title 18, United States Code, Section 1028A (a) (1).

## COUNT 3
### (18 U.S.C. §1546 (a))
### *Fraud and Misuse of Visas, Permits, and Other Documents*

Between on or about November 21, 2002, and on or about March 2, 2010, in the

3

Case 1:12-cr-00346-JLK Document 170-1 Filed 02/24/17 USDC Colorado Page 4 of 6
Case 1:12-cr-00346-JLK Document 41 Filed 06/18/13 Page 4 of 4
Appellate Case: 14-1218   Document: 01019281538   Date Filed: 07/18/2014   Page: 66

State and District of Colorado and elsewhere, **JOHN DOE, a/k/a/ Habteab Berhe Temanu, a/k/a Habteab B Temanu, a/k/a "TUFA", a/k/a/ Kefelegn Alemu, a/k/a Kefelegn Alemu Worku,** Defendant herein, knowingly uttered, used, attempted to use, possessed, obtained, accepted, and received any immigrant and nonimmigrant visa, permit, border crossing card, alien registration receipt card, and other document prescribed by statute and regulation for entry into and as evidence of authorized stay and employment in the United States, knowing it to have been procured by means of any false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained.

All in violation of Title 18, United States Code, Section 1546 (a).

**A TRUE BILL:**

<u>Ink signature on file in the Clerk's Office</u>
**FOREPERSON**

**JOHN F. WALSH**
United States Attorney
by:   s/ Brenda Taylor
BRENDA TAYLOR
Assistant United States Attorney
LILLIAN ALVES
Special Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado   80202
Telephone: (303) 454-0100
FAX: (303) 454-0406
E-mail: Brenda.Taylor2@usdoj.gov
E-mail: Lillian.Alves@usdoj.gov
Attorneys for the Government

4

Case 1:12-cr-00346-JLK Document 170-1 Filed 02/24/17 USDC Colorado Page 5 of 6
Case 1:12-cr-00346-JLK Document 41-2 Filed 06/18/13 Page 1 of 2
Appellate Case: 14-1218   Document: 01019281538   Date Filed: 07/18/2014   Page: 67

| | |
|---|---|
| DEFENDANT: | JOHN DOE, a/k/a Habteab Berhe Temanu, a/k/a Habteab B Temanu, a/k/a "TUFA," a/k/a Kefelegn Alemu, a/k/a Kefelegn Alemu Worku |
| YOB: | Unknown |
| ADDRESS: | Denver, Colorado |
| COMPLAINT FILED? | _____ Yes    __X__ No |
| OFFENSE(S): | **Count One**: 18 U.S.C. §1425 (a) and (b), Unlawful Procurement of Citizenship or Naturalization; <br>**Count Two**: 18 U.S.C. § 1028 A (a) (1), Aggravated Identity Theft; <br>**Count Three:** 18 U.S.C. § 1546 (a), Fraud and Misuse of Visas, Permits, and Other Documents. |
| LOCATION OF OFFENSE: | Denver County, Colorado |
| PENALTY: | **Count One:** NMT 10 years imprisonment, NMT $250,000 fine or both per count, NMT 3 years supervised release, $100 Special Assessment Fee; <br><br>**Count Two:** Additional mandatory consecutive 2 years imprisonment over and above the sentence for the underlying felonies in violation of 18 U.S.C. §1425; NMT $250,000 fine, or both; NMT 1 year supervised release; $100 special assessment fee; <br><br>**Count Three:** NMT 10 years imprisonment in the case of the first or second of such offense where the offense was not committed to facilitate an act of international terrorism or a drug trafficking crime; NMT $250,000 fine, or both; NMT 1 year supervised release; $100 special assessment fee. |
| AGENT: | Jeffrey Lembke <br> Special Agent, HSI/ICE |
| AUTHORIZED BY: | Brenda Taylor <br> Assistant U.S. Attorney <br> Lillian Alves <br> Special Assistant U.S. Attorney |

1

Case 1:12-cr-00346-JLK Document 170-1 Filed 02/24/17 USDC Colorado Page 6 of 6
Case 1:12-cr-00346-JLK Document 41-1 Filed 06/18/13 Page 2 of 2
Appellate Case: 14-1218    Document: 01019281538    Date Filed: 07/18/2014    Page: 68

ESTIMATED TIME OF TRIAL:
 X  over five days

THE GOVERNMENT
 X   will seek detention in this case

The statutory presumption of detention IS NOT applicable to this defendant.

OCDETF CASE:      __ Yes  X  No